1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10    CHRISTOPHER GRABEK,

11              Plaintiff,                    No. CIV S-10-2892 GGH P

12        vs.

13    KATHLEEN DICKINSON, Warden, et al.,

14              Defendants.                   ORDER

15    _____/

16    Introduction

17              Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. §

18    1983.  Pending before the court are: 1) plaintiff's "motion for discovery," filed on September 14,

19    2011, to which defendants filed their opposition on September 28, 2011; 2) plaintiff's "motion

20    for adjudication and settlement of case," filed on September 30, 2011; 3) plaintiff's renewed

21    motion for appointment of counsel, filed on October 4, 2011; 4) plaintiff's motion to extend the

22    deadline for filing a pretrial dispositive motion and for a change of venue, filed on December 30,

23    2011; 5) defendants' "requests for leave to act beyond time and to modify the scheduling order to

24    extend time to move for summary judgment" and a "statement of non-opposition to plaintiff's

25    request for an extension of time," filed on January 6, 2012.

26    \\\\\

1

1  Motion for Discovery

2          Plaintiff filed a motion wherein plaintiff is evidently seeking to compel further

3  discovery; however, in doing so he fails to identify what discovery requests are at issue (possibly

4  interrogatories but that is not clear), whether the requests were directed to all defendants or to a

5  particular one, and precisely what the requests or the responses were.  See Motion at docket # 29.

6  As defendants point out, plaintiff fails to comply with L.R. 250.2(c) and/or L.R. 250.3(c), by

7  failing to provide those interrogatories and/or requests for production and the responses to which

8  plaintiff takes issue.  Opposition at docket # 30.  Plaintiff states that he is seeking the names of

9  all persons "indirectly referred to," referring to "unnamed" witnesses who could testify to matters

10  in the case for the purpose of "possible depositions and interrogatories."

11                  The Court does not hold prisoners proceeding pro se to the same
   standards that it holds attorneys.  However, at a minimum, as the

12                  moving party plaintiff bears the burden of informing the court of
   which discovery requests are the subject of his motion to compel

13                  and, for each disputed response, why defendant's objection is not
   justified.

14

15  Waterbury v. Scribner, 2008 WL 2018432 *1 (E.D. Cal. 2008).

16          Plaintiff does state that he is also requesting the name of "'Head of Health Care

17  Billing' up to December 2008 and through July 2009."  Motion at docket # 29.  "[U]p to

18  December 2008 and through July 2009" does not frame a coherent starting deadline.  Plaintiff

19  does not state clearly what he means, but he is apparently referencing his allegation that he was

20  improperly billed by the billing department at U.C.S.F. (University of California at San

21  Francisco) before further treatment at U.C.S.F. was allowed, after the prison facility had refused

22  to pay the medical bills.  Plaintiff does not set forth what means he has employed to discover this

23  information, such as whether or not he served any defendant with an interrogatory seeking the

24  information.  Indeed, defendants contend that plaintiff never did serve a discovery request

25  seeking that information.  Opp. at docket # 30.  The court cannot compel defendants to provide

26  such information if plaintiff never made any appropriate request for it.  Plaintiff's wholly

1    inadequate motion to compel must be denied.

2    Plaintiff's Motion to Settle Case

3            Plaintiff proposed an offer, which he filed in this court, for defendants to pay him

4    $15,000.00 and court costs, for which he would agree to dismiss his case.  See Docket # 31.  He

5    also proposes that the state additionally rescind whatever restitution plaintiff has assessed against

6    him.

7            Defendants have filed no response to this proposal, indicating a lack of interest in

8    the proposed terms.  This motion will be denied without prejudice to all parties informing this

9    court, within fourteen days, whether they believe that a settlement conference in this matter

10   might prove fruitful.

11   Appointment of Counsel

12           Plaintiff has again requested the appointment of counsel.  As plaintiff has

13   previously been informed, the United States Supreme Court has ruled that district courts lack

14   authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United

15   States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court

16   may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v.

17   Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

18   (9th Cir. 1990).  Plaintiff has provided information to show he is seeking assistance himself but

19   asks that the court appoint counsel for him should he not be successful in retaining pro bono

20   counsel.  Plaintiff states that he is retained in administrative segregation and that such assistance

21   as he had has become even more limited.  However, subsequent to the filing of this request,

22   plaintiff filed a notice of change of address, so it is not clear whether plaintiff is retained in Ad

23   Seg at his new location.  In any event, in the present case, the court does not find the required

24   exceptional circumstances.  Plaintiff has exhibited enough knowledge about his case such that

25   the court finds appointment of counsel to be unwarranted.  Plaintiff's renewed request for the

26   appointment of counsel will therefore be denied.

Plaintiff's Request for a Change of Venue

Plaintiff seeks a change of venue because he is now located within a different district, and he contends that travel to Sacramento would be unnecessarily burdensome to both the state and himself.  Docket # 34.  While it is true that it would be costly to the state to have to transport plaintiff from San Diego (in the Southern District) to Sacramento (in the Eastern District) for a trial, this is not, along with plaintiff's convenience, an apposite basis for a change of venue.  Under 28 U.S.C. § 1404(a), a district court can only transfer a civil action to another district or division for convenience of the parties or witnesses if the action could have been brought in that district.[1]  The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).  In this case, none of the defendants reside in the Southern District and the claim arose in Solano County, which is within the Eastern District of California.  Plaintiff's request for a change of venue to a more convenient forum must be denied.

Motions to Extend Deadline for filing Pretrial Motions

Under Fed. R. Civ. P. 16(b)(4), "good cause" must be shown for a schedule to be modified.  Plaintiff's prior requests for extending the deadlines set forth in the Discovery and Scheduling Order were denied because plaintiff simply did not make a showing of good cause as to why any such extension was need.  See Orders, filed on July 26, 2011 and on September 9, 2011.  The deadlines set forth in the Discovery and Scheduling Order, filed on April 28, 2011, set

---

[1]  "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).

1   the cut-off for discovery as September 23, 2011, and the deadline for the filing of pretrial

2   dispositive motions at January 5, 2012.  Docket # 17.  Plaintiff has recently made another request

3   for an extension of time for the filing deadline for pretrial motions because his property,

4   including all his legal papers, were lost while he was being transferred from CMF-Vacalle to RJ

5   Donovan Correctional Facility in San Diego, where he is currently housed.  Motion at docket #

6   34.

7        In defendants' request for an extension of time, filed on January 6, 2010 – one day

8   beyond the January 5, 2012, pretrial dispositive motion deadline for which they seek an extension

9   – defendants state that they were unable to meet the current deadline due to an inability to obtain

10  a declaration from Dr. Mo (one of the defendants) timely, evidently because he was unavailable

11  for the last two weeks in December and because he has been unable to review plaintiff's relevant

12  medical records because they were located at RJ Donovan while defendant Mo is employed at

13  CMF.  See Request at dkt # 35.  Defendants' counsel states that although he has obtained copies

14  of relevant medical records, he has requested supplemental records from the RJ Donovan

15  medical records custodian, but not yet received them, for defendant Mo's review.  Id.

16       According to defense counsel, Deputy Attorney General James Flynn, the request

17  for modification of the scheduling order is late because although it was prepared on January 3,

18  2012, prior to the motion-filing deadline, counsel's supervising deputy failed to return it until

19  January 6, 2012.  Request at dkt # 35 & Ex. A, Declaration of Supervising Deputy Attorney

20  General, Tracy Hendrickson.  According to Ms. Hendrickson, she must review all pleadings

21  prepared by attorneys she supervises before they can be filed in court, that DAG Flynn had

22  prepared the request on Jan. 3, 2012 and informed her that it had to be returned on Jan. 4, 2010;

23  that in a mix-up involving a different case pleading, she failed to return it timely for Mr. Flynn to

24  file; and that she is solely responsible for the error.  Hendrickson Dec.

25       The undersigned will permit defendants leave to act beyond time, given that the

26  tardiness of the request was not excessive (although because it was beyond the motion filing

deadline itself, the court would not characterize it as de minimis).  As to the requested time

extension itself, it is not entirely clear to the court why all the relevant medical records for

defendant Mo's review could not have been obtained earlier, nor how it is that, since DAG Flynn

knew the filing deadline for any request, why he would not have reminded his supervisor that he

needed to file it at least by January 5th.  In this case, however, since all parties are seeking an

extension of time and no pretrial conference or trial dates have yet been set, the undersigned will

extend the pretrial dispositive motion deadline.  As to plaintiff's concern that his property has

been lost in transit, it has been the court's experience that prisoners who are transferred are

generally reunited with their personal and legal property within, at most, a few weeks after a

transfer.  Plaintiff filed his change of address notice on November 21, 2011, and his motion for

an extension on December 30, 2011 (or December 21, 2011, by application of the mailbox rule).

Defendants seek a 45-day extension and plaintiff has requested an unspecified extension.  The

undersigned will grant a 45-day extension.  Plaintiff should, however, inform the court prior to

the new deadline if his personal legal property relevant to this action has not been restored to

him.

        Accordingly, IT IS ORDERED that:

        1.  Plaintiff's "motion for discovery," filed on September 14, 2011 (docket # 29),
is denied as wholly inadequate.

        2.  Plaintiff's "motion for adjudication and settlement of case," filed on
September 30, 2011 (docket # 31), is denied without prejudice to all parties informing the court
within fourteen days whether they would be amenable to setting this matter for a settlement
conference.

        3.  Plaintiff's renewed motion for appointment of counsel, filed on October 4,
2011 (docket # 32), is denied.

        4.  Plaintiff's motion for a change of venue, filed on December 30, 2011 (docket #
34), is denied.

1       5. Plaintiff's motion to extend the deadline for filing a pretrial dispositive

2    motion, filed on December 30, 2011 (docket # 34), is granted, as are defendants' "requests for

3    leave to act beyond time and to modify the scheduling order to extend time to move for summary

4    judgment," filed on January 6, 2012 (docket # 35).

5       6. The pretrial dispositive motion deadline as set forth in the April 28, 2011, is

6    extended from January 5, 2012, until February 20, 2012.

7    DATED: January 13, 2012

8                /s/ Gregory G. Hollows
                UNITED STATES MAGISTRATE JUDGE

9

10   GGH:009
     grab2892.ord2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26