IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER GRABEK,

    Plaintiff,                                  No. CIV S-10-2892 WBS GGH P

    vs.

KATHLEEN DICKINSON, Warden, et al.,

    Defendants.                               <u>ORDER</u>

_____/

        By order, filed on January 13, 2012, the parties were granted an extended pretrial dispositive deadline until February 20, 2012; in addition, although plaintiff's motion regarding "adjudication and settlement" was denied, the denial was without prejudice to the parties within fourteen days providing information to the court as to whether they were amenable to the setting of a settlement conference in this matter. On January 25, 2012, defendants informed the court that plaintiff had been previously notified that his settlement offer had been considered and declined and further asserted that they were not amenable to the setting of a settlement conference, instead intending to move for summary judgment in this case. In a letter to the court, filed in this court on February 3, 2012, plaintiff indicated he was interested in participating in a settlement conference. Because defendants are not interested in participating in one at this time, however, there would be no point in scheduling a settlement conference. On February 17,

1

1  2012, defendants filed a motion for summary judgment.

2  Plaintiff in his letter also states that RJ Donovan, where he is currently housed
[following his transfer from California Medical Facility], has been on lockdown and he has not
been able to access the law library. He also states that although he has received his property a
box which contained his "court paperwork" and "medical documented evidence[]" is missing.
See letter at docket # 40. Plaintiff maintains that his efforts to have this property located have
proved fruitless. Plaintiff once again seeks appointment of counsel, stating that he is mentally ill
and is in the "extended [sic] outpatient level of care in the CDCR mental health delivery system"
and that he had previously had assistance from an inmate at California Medical Facility with
"every motion presented to the court... ." Id. He maintains that has no understanding of law and
legal procedures and complains that CDCR would provide him with a staff assistant even for a
rules violation report. Id. Plaintiff believes he is being treated unfairly and contends that he is
"delusional and paranoid schizophrenic by nature [] [d]ue to brain damage." Id.

Plaintiff has previously been informed that this court does not have the authority
to *require* counsel to represent indigent prisoners in § 1983 cases, <u>Mallard v. United States Dist.
Court</u>, 490 U.S. 296, 298 (1989), although in certain *exceptional* circumstances, the court *may
request* the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v.
Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36
(9th Cir. 1990). The issues in this case arising from plaintiff's claims of deliberate indifference
by defendants to his serious medical needs in the form of delayed surgery and ineffective
treatment for his severe head and neck pain in violation of the Eighth Amendment are relatively
straightforward. That plaintiff may suffer from some form of mental illness simply is not enough
to warrant this court's request for voluntary counsel on his behalf. Unfortunately, this is not an
exceptional circumstance because a number of inmate plaintiffs have mental health problems and
it would be impossible for the court to meet the requests on that basis. Therefore, the court does
not find the required exceptional circumstances in this instance. However, the court will require

that defendants' counsel contact RJ Donovan to expedite plaintiff's access to his missing legal property related to this case, if it can be located. Counsel must also ascertain that plaintiff is permitted access to the law library sufficient to oppose the pending motion. Counsel for defendants will be directed, within fourteen days, to inform the court whether the legal property at issue has been restored to plaintiff and whether plaintiff will be permitted law library access. If so, plaintiff, thereafter, will be required to file his opposition by no later than April 9, 2012, after which defendants will have seven days to file any reply.

         Accordingly, IT IS HEREBY ORDERED that:

         1. Plaintiff's request for the appointment of counsel, filed on February 3, 2012 (docket # 40), is denied;

         2. Defendants' counsel must contact RJ Donovan and, within fourteen days of the date of this order, must inform the court whether plaintiff's missing legal property has been restored to him there, also ascertaining that plaintiff will be provided adequate prison law library access to respond to the pending summary judgment motion;

         3. Thereafter, plaintiff must file his opposition to defendants' February 17, 2012, motion for summary judgment by April 9, 2012, after which defendants must file any reply within seven days.

DATED: February 23, 2012

          /s/ Gregory G. Hollows
         UNITED STATES MAGISTRATE JUDGE

GGH:009
grab2892.ord