IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER GRABEK,

    Plaintiff,                                     No. CIV S-10-2892 WBS GGH P

    vs.

KATHLEEN DICKINSON, Warden, et al.,

    Defendants.                                    ORDER

_____/

          On February 17, 2012, defendants filed a motion for summary judgment. However, it appears that defendants have failed to serve plaintiff at his current address. Therefore, defendants will be ordered to re-serve the motion upon plaintiff at his RJ Donovan address and to file proof of such re-service within three days.

          Although file-stamped as filed on February 27, 2012, by application of the mailbox rule,[1] plaintiff filed a purported motion (or cross-motion) for summary judgment on February 17, 2012. However, this would-be summary judgment motion is not in compliance with the requirements of Fed. R. Civ. P. 56 and Local Rule 260(a), inasmuch as plaintiff fails to

---

[1] Pursuant to Houston v. Lack, 487 U.S. 266, 275-76, 108 S. Ct. 2379, 2385 (1988)(pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009), holding that "the Houston mailbox rule applies to § 1983 complaints filed by *pro se* prisoners").

provide a "statement of undisputed facts" or even a memorandum of points and authorities in support of his motion. Instead, in his putative dispositive motion, he simply appends unauthenticated medical records (as well as portions of defendants' answer) to a statement to the effect that the medical documents show that he has had a number of emergency treatments for his medical condition, which plaintiff believes demonstrates that defendants' deliberate indifference in not having paid a bill from UCSF which delayed his surgery subjecting plaintiff to unnecessary pain. See docket # 45. This filing does not constitute a motion or cross-motion for summary judgment. The court must vacate plaintiff's motion for summary judgment, but plaintiff may make use of the documentation contained within the filing within any opposition to defendants' motion for summary judgment.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Defendants must re-serve their motion for summary judgment, filed on February 17, 2012, upon plaintiff at his current address at RJ Donovan and must file proof of the re-service within three days;

        2. Plaintiff's defective motion for summary judgment, filed at docket # 45, is vacated without prejudice to plaintiff's use of the documentation therein within his opposition to defendants' pending summary judgment motion;

        3. In light of the apparently defective initial service of defendants' motion for summary judgment, plaintiff will be granted until April 15, 2012 to file his opposition to the motion; thereafter, defendants will have seven days to file any reply.

DATED: March 8, 2012

                            /s/ Gregory G. Hollows
                          UNITED STATES MAGISTRATE JUDGE

GGH:009
grab2892.ord3