IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER GRABEK,

    Plaintiff,                          No. CIV S-10-2892 WBS GGH P

    vs.

KATHLEEN DICKINSON, Warden, et al.,

    Defendants.                       ORDER

_____/

        By order, filed on February 24, 2012, in response to plaintiff's letter, filed on February 3, 2012, defendants' counsel was directed to contact RJ Donovan (RJD) and, within fourteen days, to inform the court whether plaintiff's missing legal property has been restored to him there, also ascertaining that plaintiff will be provided adequate prison law library access to respond to the pending summary judgment motion. In his letter, plaintiff had said RJD was on lockdown and that he had tried to go to the law library for over a week unsuccessfully and that although his property had been provided to him since his transfer to RJD, one box, containing, inter alia, "all my court paperwork and medical documents..." had not. See letter at docket # 40.

        Defendants' counsel has provided a response, filed on March 9, 2012, indicating that plaintiff had been provided law library access until February 20, 2012, and that he had used the law library in January 2012, on the 27th, 28th, and 30th, and, evidently following his letter,

1

also used it in February 2012, on the 6th, 11th,[1] 16th and 17th.  Response, Exhibit C, Declaration of J. Laguna, Library Technical Assistant (LTA) at RJD, ¶¶ 7-10, 12-14 & Attachment 2 (copies of RJD library sign-in sheets.  Attachment 1 to LTA Laguna's declaration (¶5) contains a copy of plaintiff's request for PLU (Priority Legal/Library User) status on January 27, 2012, which was granted on that date until February 20, 2012, and contains a PLU list for February 16, 2012, showing plaintiff's PLU status from January 27, 2012 to February 20, 2012.  This status was granted based on this court's order extending the deadline for the filing of dispositive motions until February 20, 2012.  Response, Exh. C, Laguna Dec., ¶ 5.  Declarant Laguna states that when the prison was on lockdown on Feb. 7, 2012, he/she requested an escort for plaintiff because inmates who have PLU status can be escorted to the law library during lockdown, but plaintiff did not come.  Laguna Dec. ¶ 11, Attachment 2.  Declarant Laguna also avers that plaintiff may request and receive PLU status based on subsequent court deadlines.  Laguna Dec. ¶ 15.  Since the court has extended the time for plaintiff to file his opposition to defendants' pending motion for summary judgment until April 15, 2012, pursuant to the order, filed on March 8, 2012, plaintiff should be able to secure PLU status until that date if he makes the request.  In any event, plaintiff's claim that he has been denied access to the prison law library is simply unsubstantiated.

   As to any legal or medical documents that plaintiff has contended have not been returned to him since his transfer from California Medical Facility -Vacaville (CMF) to RJD, staff at neither CMF or RJD have been able to find any such material, according to declarations from Correctional Officer (C/O) A. Whitten in Receiving and Release (R&R) at CMF and Correctional Sergeant E. Alvarez who works in R&R at RJD.  Response, Exhs. A & B.  Declarant Whitten states that plaintiff had two boxes of personal property and a television placed in a separate box (i.e., three boxes) to be transferred to RJD, but no separate box containing legal

---

[1] The inmate sign-in sheet for Feb. 11, 2012, contains an error indicating that plaintiff signed in before he signed out.

1   materials.  Ex. A, Whitten Declaration, ¶¶ 7-8 & Attachment 3 (property inventoried on Nov. 2,
2   2011, for transfer to RJD).  C/O Whitten states that inmates usually place legal material in a box
3   separate from their personal property, which plaintiff evidently did not.  Whitten Dec. ¶¶3, 8.
4   The sheet of plaintiff's inventoried property does not show that he had legal materials to be
5   transferred but C/O Whitten noted on the property inventory sheet that there were miscellaneous
6   papers in one of the boxes; Whitten states that he/she did not inspect the papers.  Id., at ¶ 8,
7   attachment 3.  In his letter, plaintiff had claimed that the missing box containing his legal and
8   medical documents, also contained his "CD AM/FM boom box" and an extension cord.  See
9   docket # 40.  The Nov. 2, 2011, property inventory C/O Whitten prepared, as he/she points out,
10  reveals "that an unauthorized radio/CD player and an extra cable and battery charger were
11  confiscated and not sent to RJD."  Response, Exh. A, Whitten Dec., ¶ 9 & Attachment 3.  C/O
12  Whitten declares that that box is still at CMF and he/she has checked and it does not contain any
13  legal material or medical records.  Whitten Dec., ¶ 9.  Therefore, it would appear that any legal or
14  medical papers plaintiff had must have been placed among his other personal property.

15        Declarant Alvarez, in R&R at RJD, avers that plaintiff's property transfer receipt
16  shows that three boxes were received on November 9, 2011, upon plaintiff's transfer from CMF.
17  Response, Exh. B, Declaration of Corr. Sgt. E. Alvarez, ¶¶ 1, 3.  Corr. Sgt. Alvarez has provided,
18  as Attachment 1 to his declaration, a copy of a property transfer receipt, dated Nov. 9, 2011,
19  showing plaintiff's property included two boxes of personal property and one box containing a
20  television for a total of three boxes.  Declarant Alvarez makes the point that had legal material
21  been contained in a box of his personal property, it would not have been noted on the property
22  receipt.  Alvarez Dec., ¶ 3.  Attachment 2 contains a copy of plaintiff's property card showing the
23  property that has been issued to plaintiff since he has been at RJD, according to Sgt. Alvarez.
24  Alvarez Dec., ¶ 4.  The court's review of the property card shows that it does not make clear
25  whether there were any miscellaneous papers contained in one of his property boxes (as C/O
26  Whitten had noted) and, if so, whether they have been returned to plaintiff.  However,

3

defendants' counsel points out that in exhibits to his (now-vacated) motion[2] for summary judgment, filed on Feb. 27, 2012 (or on Feb. 17, 2012, by application of the mailbox rule, and in accordance with the Declaration of James Flynn, defendants' counsel – Exh. D to response & Attachment 1), plaintiff included as exhibits copies of plaintiff's medical records and of defendants' answer. Response, p. 2. Counsel states that this was legal material and medical evidence that plaintiff was stating in his Feb. 3, 2011, letter was missing. Id. Moreover, Sgt. Alvarez has sworn under penalty of perjury that R&R at RJD has not confiscated any of plaintiff's legal material and has not located any legal material or medical records in R&R. Alvarez Dec., ¶ 3.

In any event, defendants' counsel has discharged the order, filed on Feb. 24, 2012, and has made a sufficient showing that plaintiff is neither being denied law library access or access to his legal material or medical records at RJD.

By order, filed on March 8, 2012, defendants were ordered to re-serve their motion for summary judgment upon plaintiff at his current address within three days. Defendants have filed proof of re-service as of March 9, 2012, discharging that order as well.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' counsel, by a response filed on March 9, 2012, has discharged the court's order, filed on February 24, 2012, and has made a showing sufficient to show that plaintiff is not being denied access to the prison law library or to his legal material or medical records;

2. Defendants' proof of re-service of their summary judgment motion upon plaintiff, filed on March 9, 2012, also discharges the court order, filed on March 8, 2012; and

\\\\\

---

[2] Plaintiff's defective motion for summary judgment was vacated without prejudice to plaintiff's use of the documentation therein in support of his opposition to defendants' summary judgment motion. See Order, filed on March 8, 2012 (docket # 46).

4

3. As set forth in a prior order, plaintiff's opposition to defendants' summary judgment order is due by April 15, 2012, after which defendants have seven days to file any reply.

DATED: March 16, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
grab2892.ord4